**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lauriano Cervantes, | No. CV-23-00931-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff seeks judicial review of the Social Security Administration ("SSA") Commissioner's decision denying his application for Supplemental Security Income ("SSI") benefits. (Doc. 1 at 3). Plaintiff filed his Opening Brief (Doc.9). Defendant filed a Response Brief (Doc. 13), and Plaintiff filed his Reply Brief (Doc.14). So, the matter is fully briefed. The Court has reviewed the briefs and the Administrative Record ("AR"). For the following reasons, the Court affirms the Administrative Law Judge's ("ALJ") decision denying Plaintiff's SSI application.

**I.     Background**

On May 15, 2020, Plaintiff filed an application for SSI with an alleged onset date of December 1, 2019. (Doc. 9 at 2). An ALJ then issued an unfavorable decision on June 27, 2022. (Doc. 8-3 at 53). After that, the Appeals Council denied Plaintiff's request for review. (Doc. 8-3 at 2). This appeal followed.

Plaintiff claims several impairments to his ability to work. (Doc. 9 at 2, 3, 4). The ALJ found that Plaintiff has the following severe impairments: major depressive disorder,

autism spectrum disorder, post-traumatic stress disorder ("PTSD"), social phobia, obesity, and obstructive sleep apnea. (AR at 56).

During his symptom testimony, Plaintiff represented that he is unable to work due to mental symptoms that included anxiety and uncomfortableness around other people. (Doc. 8-3 at 87,89). He also testified that he suffers from depression and has thoughts of hurting himself and others. (Doc. 8-3 at 91). The ALJ, citing to medical records, found Plaintiff's symptom testimony was "not entirely consistent with the medical evidence and other evidence in the record . . ." (AR at 61). The ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform "a range of work at all exertional levels but with the following nonexertional limitations: he can understand, remember, and carry-out simple instructions, and can make simple work-related decisions." (AR at 60). The ALJ further found, relying on a vocational expert's testimony, that Plaintiff's RFC did not preclude him from performing the following jobs: laundry worker, cleaner, or warehouse worker. (AR at 66). The ALJ therefore determined that Plaintiff was not disabled. (*Id.*)

Plaintiff raises two issues: (1) whether the ALJ erred in rejecting Plaintiff's own symptom testimony; and (2) whether the ALJ erred in evaluating the opinion of examining psychologist, Dr. Geary. (Doc. 9 at 12, 19).

**II.      Standard of Review**

In determining whether to reverse an ALJ's decision, the district court reviews only those issues raised by the party challenging the decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). The Court may set aside the Commissioner's disability determination only if it is not supported by substantial evidence or is based on legal error. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* To determine whether substantial evidence supports a decision, the Court must consider the record as a whole and may not affirm simply by isolating a "specific quantum of supporting evidence." *Id.* Generally, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's

1  decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (citations omitted).

To determine whether a claimant is disabled for purposes of the Act, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of proof on the first four steps, but the burden shifts to the Commissioner at step five. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). First, the ALJ determines whether the claimant is presently engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). Second, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. 20 C.F.R. § 404.1520(a)(4)(ii). Third, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404. 20 C.F.R. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. *Id.* At step four, the ALJ assesses the claimant's residual functional capacity and determines whether the claimant is still capable of performing past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). If not, the ALJ proceeds to the fifth and final step, where he determines whether the claimant can perform any other work in the national economy based on the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the ALJ determines no such work is available, the claimant is disabled. *Id.*

**III.   Discussion**

The Court finds the ALJ did not err in rejecting Plaintiff's symptom testimony. The Court further finds the ALJ did not err in evaluating the opinion of examining psychologist, Dr. Geary.

**A. Plaintiff's Symptom Testimony**

Plaintiff argues the ALJ erred when he rejected Plaintiff's symptom testimony. (Doc. 9 at 19). He did not.

When an ALJ evaluates a claimant's symptoms, he considers symptom testimony, objective medical evidence, and other evidence in the record. 20 C.F.R. § 404.1529(c).

An ALJ "may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991); *see also* 20 C.F.R. § 404.1529(c)(2). The ALJ may, however, "reject the claimant's testimony about the severity of [the] symptoms" provided that the ALJ also explains his decision "by providing specific, clear, and convincing reasons for doing so." *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015).

Plaintiff first argues the ALJ erred when he rejected Plaintiff's symptom testimony because the ALJ's findings did not point to "[s]pecific, clear and convincing reasons supported by substantial evidence to reject Cervantes's symptom testimony." (Doc. 9 at 21). He argues that the "[A]LJ failed to connect the general medical summary, including notations of isolated/normal/unrelated cognitive findings, with any specific portion of or inconsistency within Cervantes's testimony, including that Cervantes isolated, had difficulty getting along with others, had thoughts of hurting himself and others, had difficulty with concentration, difficulty responding appropriately to criticism or direction, or completing tasks." (Doc. 9 at 21). Under 20 C.F.R. § 416.929(a), an ALJ is required to consider a claimant's symptoms "and the extent to which [the] symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" in the record. The ALJ thus found "the record overall does not establish that the claimant's limitations are so extreme and intractable that they preclude all manner of work." (AR at 62).

As to the medical evidence and other evidence, the ALJ discussed numerous treatment records to support his decision and cited to specific records to support his findings. First, the ALJ cited to Plaintiff's Function Report, which demonstrated that the Plaintiff "could follow directions and provide explanations." (AR at 58). The ALJ also noted that the Plaintiff himself conceded that he can "follow written instructions if he rereads them" and stated that "he needs to have spoken instructions repeated, but he can follow them." (*Id.*) Additionally, during the Plaintiff's testimony, the ALJ noted that the

Plaintiff "was able to follow along with questions, answer them, and provide thorough explanation." (*Id.*)

With regards to interacting with others, the ALJ acknowledged that Plaintiff had a moderate limitation. (AR at 59). However, the ALJ took notice of the fact that Plaintiff engaged in many activities that required interacting with others. (*Id.*) Some of these activities included: living with his family, shopping, and traveling frequently to Mexico. (*Id.*) Plaintiff even told his examining psychologist that he was able to get along with others "as long as they don't bug me." (*Id.*) During office visits with his doctors, the ALJ observed from the record that Plaintiff was "pleasant, cooperative, forthcoming, and appropriately responsive, with normal speech and behavior." (*Id.*) The ALJ thus concluded that the Plaintiff "[C]an tolerate occasional interaction with coworkers but have no interaction with the general public." (AR at 60).

Reviewing the evidence which the ALJ relied upon, the Court finds that his conclusion that Plaintiff has the RFC to perform a range of work at all exertional levels with some nonexertional limitations is supported by substantial evidence. The ALJ, citing to medical records, found Plaintiff's symptom testimony was "not entirely consistent with the medical evidence and other evidence in the record . . ." (AR at 61). The evidence the ALJ used to support this conclusion is specific, clear and convincing; so, the ALJ's decision is supported by substantial evidence. *See Brown-Hunter*, 806 F.3d at 488–89.

**B. Dr. Geary's Medical Opinion**

Plaintiff next argues the ALJ improperly evaluated the opinion of Dr. Geary. (Doc. 9 at 12). Specifically, he argues the ALJ "[f]ailed to articulate and explain the ALJ's rationale to reject the medical opinions by addressing relevant objective evidence and explanations that support and/or are consistent with the medical opinions being evaluated." (Doc. 9 at 14).

Plaintiff filed his application on May 15, 2020. (Doc. 1 at 2). For disability benefits claims filed on or after March 27, 2017, new SSA regulations instruct an ALJ not to "defer or give any specific evidentiary weight, including controlling weight, to any medical

opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c.  An ALJ should instead determine the persuasiveness of each medical opinion using the following factors: 1) supportability, 2) consistency, 3) relationship with the claimant, 4) specialization, and 5) any other relevant factors. *Id.*

Under this scheme, the most important factors that the ALJ considers are "supportability" and "consistency." 20 C.F.R. § 404.1520c(b)(2). The regulations define supportability as how "relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical findings." *Id.* § 404.1520c(c)(1). The ALJ should also treat opinions as more persuasive if they are more consistent with "other medical sources and nonmedical sources in the claim." *Id.* § 404.1520c(c)(2).

The ALJ addressed Dr. Geary's opinion by noting that, although Dr. Geary's psychological examination "indicates the presence of some mental issues . . . [it] does not contain objective findings that establish mental incapacity." (AR at 62). The ALJ noted that Dr. Geary found the Plaintiff "cooperative, respectful, and appropriately responsive to questions. His speech and behavior were normal." (*Id.*) Further, Dr. Geary's observed that the Plaintiff was "able to focus on topics and tasks at hand." (*Id.*) The Plaintiffs associations, judgments, and insight, were all intact. (*Id.*) Moreover, the ALJ cited to the results of the Montreal Cognitive Assessment[1] (MOCA) test, and the Wechsler Adult Intelligence Scale[2] (WAIS-IV) to conclude that the Plaintiff was of average intelligence and cognitive function. (*Id.*) Similarly, the ALJ noticed that the Plaintiff's Visual Memory and Immediate Memory scores were normal. (AR at 63). The ALJ properly concluded

---

[1] The Montreal Cognitive Assessment is an objective test and is considered "objective medical evidence," in line with the meaning of "objective medical evidence" under Social Security regulations. *See Ireland v. Colvin*, No. CIV.A. 14-1012-JWL, 2014 WL 7185008, at *4 (D. Kan. Dec. 16, 2014); 20 C.F.R. §§ 404.1529(a), 416.929(a).

[2] The Wechsler Adult Intelligence Scale was developed by Dr. David Wechsler, a clinical psychologist. It was developed to test an individual's ability to comprehend and deal with the environment around them in an effective manner. *See Thomas v. Allen*, 614 F. Supp. 2d 1257, 1265 (N.D. Ala. 2009), aff'd, 607 F.3d 749 (11th Cir. 2010).

that Dr. Geary's evaluation showed that the Plaintiff's cognitive functioning, as well as his intelligence, and short-term recall and visual memory is normal. (AR at 64).

As another point, the ALJ also considered the psychological opinions of two other doctors: state agency psychological consultants A. Kerns and J. Foster Valdez. (*Id.*) Both consultants opined that the Plaintiff "could carry out simple instructions, follow simple work-like procedures, make simple work-related decisions, and carry out simple tasks in situations where a supervisor or co-worker is occasionally present to explain tasks and give directions." (*Id.*) Dr. Kerns also opined that the Plaintiff could perform work "at a consistent pace if engaged in a simple task." (*Id.*) The ALJ also considered that both consultants found that Plaintiff responded to medication and was able to engage in all his daily activities. (AR at 65).

The Court finds that the ALJ did not err when assessing Dr. Geary's medical opinion. The ALJ is responsible for resolving conflicts in the testimony, determining credibility, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ did so here by weighing the evidence of Dr. Kerns, Dr. Valdez and Dr. Geary's opinions. (AR at 64–65). The Court will not reweigh this evidence on appeal. *See Trejo v. Colvin*, 2016 WL 769106, at *3 (C.D. Cal. Jan. 28, 2016) ("This Court does not reweigh the evidence or act as a next-level fact-finder on appeal; its appellate review is limited to determining whether the agency committed reversible legal error."). Contrary to Plaintiff's assertions, the ALJ specified what evidence supported his determination. Indeed, in the ALJ's analysis of Dr. Geary's medical opinion, the ALJ summarized relevant portions of Plaintiff's medical record and the opinions of consulting psychologists. Thus, the ALJ did not err when determining that Dr. Geary's medical opinion was not persuasive.

**IV. Conclusion**

The Court finds the ALJ properly discounted Plaintiff's symptom testimony by providing specific, clear, and convincing reasons supported by substantial evidence. The Court also finds substantial evidence supports the ALJ's decision to classify Dr. Geary's medical opinion as not persuasive or consistent with the medical record. Therefore, the

Court finds that the ALJ did not err in his decision, which is based on substantial evidence. *See Orn*, 495 F.3d at 630.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the ALJ (AR at 53), is **AFFIRMED**. The Clerk of Court is kindly directed to enter judgment in the Commissioner's favor and dismiss this action.

Dated this 30th day of September, 2024.

Honorable Diane J. Humetewa
United States District Judge